UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                                            :
In re                                                       : Chapter 15
                                                            :
JSC "Astana-Finance"                                        : Case No. 14-11217 (ALG)
                                                            :
        Debtor in a Foreign Proceeding.                     :
                                                            :
                                                            :
------------------------------------------------------------x
```

### AMENDED ORDER AND FINAL DECREE GRANTING RECOGNITION OF A FOREIGN PROCEEDING, PERMANENT INJUNCTION AND RELATED RELIEF

Marat Duysenbekovich Aitenov (the "Petitioner"), in his capacity as the duly appointed foreign representative (in such capacity until March 27, 2015, "Foreign Representative Aitenov"), as defined in section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), of JSC "Astana-Finance" ("AF"), which is subject to a special judicial restructuring proceeding (the "Restructuring Proceeding") taking place in the Republic of Kazakhstan ("Kazakhstan") initially pending in the Specialized Financial Court of Almaty, Kazakhstan (the "Specialized Financial Court") and subsequently in the Specialized Inter-district Economic Court of Almaty, Kazakhstan (the "SIEC" and, collectively with the Specialized Financial Court, the "Kazakhstan Court"), having filed the Verified Petition under Chapter 15 for Recognition of a Foreign Proceeding (the "Chapter 15 Petition") and Motion for Permanent Injunction (the "Verified Petition and Motion"), the Memorandum of Law in Support of the Verified Petition under Chapter 15 for Recognition of a Foreign Proceeding and Motion for Permanent Injunction, the Declaration of Marat Duysenbekovich Aitenov in Support of the Verified Petition under Chapter 15 for Recognition of a Foreign Proceeding and Motion for Permanent Injunction and Order, the Declaration of Shaimerden Chikanayev in Support of Petition under Chapter 15 for Recognition of a Foreign Proceeding and Motion for Permanent Injunction and Order, the Statement of Foreign Representative Identifying All Foreign Proceedings with Respect to Debtor Pursuant to 11 U.S.C. §

1515(c), and the List Filed Pursuant to Bankruptcy Rule 1007(a)(4) of Administrators in a Foreign Proceeding, Litigation Parties and Entities against Whom Provisional Relief is Being Sought under 11 U.S.C. § 1519 (collectively, the "Chapter 15 Pleadings") on April 25, 2014; and the Petitioner having given notice of his prior-commenced chapter 15 proceeding regarding AF in this Court, Case No. 12-14113 (ALG), by publication in The New York Times (U.S. National Edition) on or before October 4, 2012, and no objections to recognition having been filed; and the Petitioner having given notice of the Chapter 15 Petition in accordance with the Scheduling Order, on or before April 28, 2014; and the Petitioner having filed the Supplemental Declaration of Marat Duysenbekovich Aitenov in Support of Verified Petition under Chapter 15 for Recognition of a Foreign Proceeding and Motion for Permanent Injunction and Order on May 16, 2014; and this Court having entered the Order and Final Decree Granting Recognition of a Foreign Proceeding, Permanent Injunction and Related Relief (the "May 2014 Order") on May 20, 2014; and Daniyar Bazarbekovich Bekturganov, in his capacity as the duly appointed foreign representative ("Foreign Representative Bekturganov" and, together with Foreign Representative Aitenov, as appropriate, the "Foreign Representative") of AF as of March 27, 2015, having filed the Declaration of Daniyar Bazarbekovich Bekturganov Providing Notice of Substantial Change Pursuant to 11 U.S.C. § 1518, the Foreign Representative's Motion for Amended Recognition Order (the "Motion") and the Declaration of Daniyar Bazarbekovich Bekturganov in Support of Motion for Entry of Amended Recognition Order on May 5, 2015; and Foreign Representative Bekturganov having given due and sufficient notice of the Motion; and upon the record of the hearings before this Court on May 20, 2014 and May 20, 2015 and all prior hearings and status conferences herein; this Court hereby finds and concludes as follows:[1]

    1. The Petitioner has demonstrated that:

        (a)    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the "Standing Order of Reference Re: Title 11"

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

2

of the United States District Court for the Southern District of New York (Preska, C.J.), dated January 31, 2012 (General Order 12-32); and

(b) This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and

(c) The Foreign Representative, acting at the direction of the Kazakhstan Court, is a person duly appointed to act as the foreign representative of AF within the meaning of section 101(24) of the Bankruptcy Code; and

(d) The chapter 15 case (the "Chapter 15 Case") was properly commenced in compliance with and pursuant to 11 U.S.C. §§ 1504 and 1515; and

(e) The Verified Petition and Motion satisfies the requirements of 11 U.S.C. § 1515; and

(f) The Restructuring Proceeding is a "foreign proceeding" pursuant to 11 U.S.C. § 1517(a) and within the meaning of section 101(23) of the Bankruptcy Code; and

(g) The Restructuring Proceeding is a "foreign main proceeding" pursuant to 11 U.S.C. § 1502(4).

2. AF is entitled to all the relief equivalent to that afforded to a debtor in a foreign main proceeding under 11 U.S.C. § 1520 pursuant to 11 U.S.C. §§ 1521(a) and (b) and that is granted hereby. The Petitioner has demonstrated that AF is entitled to all the relief requested, including that permanent injunctive relief is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States and warranted pursuant to section 1521 of the Bankruptcy Code and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

3. The Petitioner has demonstrated that permanent injunctive relief would not cause

any hardships to Claimants of AF or other parties-in-interest that would not be outweighed by the benefits of such relief. Unless a permanent injunction is issued, it appears to this Court that one or more persons or entities may take action that is inconsistent with or in contravention of the terms of AF's Restructuring Plan (as defined below), thereby interfering with, and causing harm to, the efforts of AF to administer the Restructuring Plan, and that as a result, AF and Claimants will suffer irreparable injury for which there is no adequate remedy at law;

4. The interest of the public will be served by this Court's granting the relief requested by the Petitioner and by the Foreign Representative; and

5. Venue is properly located in this District pursuant to 28 U.S.C. § 1410.

**NOW, THEREFORE, IT IS HEREBY**

ORDERED, that this Amended Recognition Order supersedes in all respects the May 2014 Order; and it is further

ORDERED, that the relief granted in each of the following paragraphs shall affect Claimants solely with respect to the Restructuring Proceeding and Restructuring Plan; <u>provided</u>, <u>however</u>, that in no way shall the relief granted herein be construed so as to narrow or limit the terms of the Restructuring Plan; and it is further

ORDERED, that the Petitioner is recognized as a "foreign representative" pursuant to 11 U.S.C. § 101(24); and it is further

ORDERED, that the Restructuring Proceeding is recognized as a "foreign main proceeding" pursuant to 11 U.S.C. § 1502; and it is further

ORDERED, that all relief equivalent to that afforded to a debtor in a foreign main proceeding pursuant to 11 U.S.C. § 1520 is granted; and it is further

ORDERED, that (i) the Final Amended Restructuring Plan (as defined in the Motion and attached hereto as <u>Exhibit A</u>), as may be subsequently amended in accordance with its terms and/or the Restructuring Law (the "<u>Restructuring Plan</u>") and (ii) the order of the SIEC dated April

4

27, 2015 approving the Final Amended Restructuring Plan and any order of the SIEC approving further amendments to the Final Amended Restructuring Plan in accordance with the terms of the Final Amended Restructuring Plan and/or the Restructuring Law (the "Approval Orders"), are recognized and shall be given full force and effect and be binding and enforceable against AF and all Claimants in the United States and its territories in accordance with its terms and that such terms shall be binding on AF and all Claimants, whether or not they accepted the Restructuring Plan, as well as their respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians and similar officers, or any person claiming through or in the right of such person or entity; and it is further

ORDERED, that all Claims (as defined in the Restructuring Plan), or defenses based on Claims, of any Claimant, whether or not the Claimant participated in the Restructuring Proceeding, shall, if brought before a court in the United States, be adjudicated pursuant to the terms of the Restructuring Plan; and it is further

ORDERED, that any judgment, wherever and whenever obtained, to the extent such judgment is a determination of the personal liability of AF with respect to any debt cancelled or discharged under the Restructuring Plan and/or as a result of Kazakhstan law relating to the restructuring of AF is unenforceable in the United States; and it is further

ORDERED, that all Claimants and any parties acting on behalf of or deriving title from any Claimants are hereby permanently enjoined and restrained from:

(a) commencing or continuing in any manner, directly or indirectly, any action, suit or other proceeding (including in any judicial, arbitral, administrative or other forum), employing any process, or performing any act, in each case within the territorial jurisdiction of the United States, to collect, recover or offset (except as provided in the Restructuring Plan) any debt cancelled or discharged under the Restructuring Plan and/or as a result of Kazakhstan law relating to the restructuring of AF; and

(b) commencing or continuing any action, employing any process, or performing any act, to collect, recover or offset (except as provided in the Restructuring Plan) any debt

5

cancelled or discharged under the Restructuring Plan and/or as a result of Kazakhstan law relating to the restructuring of AF, against property of AF within the territorial jurisdiction of the United States, including (i) enforcing, levying, attaching (including any prejudgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against AF or such property, or any direct or indirect transferee of or successor to any property of AF, or any property of such transferee or successor, or (ii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien or encumbrance of any kind against such property; and

(c)     transferring, relinquishing or disposing of any property of AF located within the territorial jurisdiction of the United States or taking or continuing any act to obtain possession of, comingle, or exercise control over, the property of AF located within the territorial jurisdiction of the United States, to the extent any such act is inconsistent with the Restructuring Plan and Kazakhstan law relating to the restructuring of AF; provided, however, that AF may transfer, encumber or otherwise dispose of any of its assets pursuant to and in accordance with the terms of the Restructuring Plan; and it is further

ORDERED, that all Claimants of AF are permanently enjoined from taking any action in contravention of or inconsistent with the Restructuring Plan; and it is further

ORDERED, that all Claimants of AF are permanently enjoined from commencing any suit, action or proceeding in the territorial jurisdiction of the United States to settle any dispute which arises out of any provision of the Restructuring Plan; and it is further

ORDERED, that no action taken by the duly appointed Foreign Representative or AF, their respective successors, delegates, directors, officers, agents, employees, representatives, advisers, or counsel, or any of them (the "Related Parties"), in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the Restructuring Proceeding, Restructuring Plan, this Chapter 15 Case, any order in this Chapter 15 Case, or any adversary proceedings in connection therewith as may be commenced under the Bankruptcy Code, will be deemed to constitute a waiver of the immunity afforded to the such persons pursuant to section 306 or section

6

1510, as applicable, of the Bankruptcy Code, or under the law of the United States or otherwise; and it is further

ORDERED, that the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure, pursuant to Bankruptcy Rule 7065, shall be, and the same hereby are, waived with respect to the injunctive relief provided in this Order; and it is further

ORDERED, that all persons that have a claim of any nature or source against AF in connection with the Restructuring Plan and who are parties to any proceedings (including, without limitation, arbitration or any judicial, quasi-judicial, administrative action, proceeding or process whatsoever) in which AF is or was named as a party, or as a result of which a liability of AF may be established in connection with the Restructuring Plan, in the United States, are required to place the Foreign Representative's United States counsel (Sidley Austin LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Alex R. Rovira, Esq., Brian J. Lohan, Esq., and Andrew P. Propps, Esq.) on the master service list of any such action or other legal proceeding, and to take such other steps as may be necessary to ensure that such counsel receives:

(a)    copies of any and all documents served by the parties to such action or other legal proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or legal proceeding; and

(b)    any and all correspondence, or other documents circulated to parties named in the master service list; and it is further

ORDERED, that the Kazakhstan Court has exclusive jurisdiction to hear and determine any suit, action, claim or proceeding and to settle any dispute which may arise out of the construction or interpretation of the Restructuring Plan, or out of any action taken or omitted to be taken in connection with the administration of the Restructuring Plan and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order or requests for any additional relief in this Chapter 15 Case and all adversary proceedings in connection therewith properly commenced and within the jurisdiction of this Court; and it is further

7

ORDERED, that this Order shall be served by United States mail, first class prepaid, on or before such date as prescribed by this Court upon all known Claimants in the U.S. of whose address AF is aware; <u>provided</u>, <u>however</u>, that with respect to bondholders notice shall be satisfied by AF delivering the recognition order through the clearing systems and the RNS to all participants; it is further

ORDERED, that such service will be good and sufficient service and adequate notice of this Order for all purposes.

Dated: May 20, 2015
New York, New York

**s/Michael E. Wiles**
UNITED STATES BANKRUPTCY JUDGE